IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAYMOND RICHARDSON**                                                                     **PLAINTIFF**

**VERSUS**                                                                      **CIVIL ACTION NO. 1:11cv406JMR**

**LANCE SPIERS, DETECTIVE;**
**and CHRISTA GROOM, SERGEANT**                                  **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court pursuant to the Motion for Summary Judgment [34] filed by Lance Spiers [Spiers] and Christa Groom [Groom]. To date, Raymond Richardson [Richardson] has not filed a response in opposition. Having considered the Motion, along with the entire record and the applicable law, this Court finds the motion is well-taken and should be granted. Accordingly, this Court recommends that this case should be dismissed.

### PROCEDURAL HISTORY

Richardson was arrested on January 7, 2011, by Spiers on charges of felony child abuse and violation of probation. [34-1.] Richardson was ultimately indicted on a charge of child abuse on December 7, 2011. [34-5.] According to Richardson, Spiers and Groom "falsely arrested and held me without evidence due to careless investigation." [1, p. 4.] He contends that his rights were violated because it took over 270 days to indict him and the evidence was based on the opinion of a doctor who, according to Richardson, was banned from practicing in another state. [9.] Richardson waived arraignment on the charge on January 11, 2012. [34-10.] He further waived his right to speedy trial on August 21, 2012. [34-11.]

### ANALYSIS

Richardson claims that the defendants Spiers and Groom arrested him falsely. In order to make a claim for unlawful arrest pursuant to § 1983 and the Fourth Amendment, a Plaintiff must

allege facts showing an officer lacked probable cause for the arrest. Government officials are protected from charges of wrongful arrest where a reasonable official would believe probable cause existed. *See Brown v. Lyford,* 243 F.3d 185 (5th Cir. 2001) (citing *Mendenhall v. Riser,* 213 F.3d 226, 230 (5th Cir. 2000)). According to Groom, she received a call from the Department of Human Services on January 5, 2011, about a possible child abuse case. [34-9, p. 1.] She and Spiers proceeded to the home at 196 Whitesand Road in Poplarville, Mississippi, to investigate. [34-9, p. 2.] Richardson stated at that time that he was babysitting the two year old son of Angel Grice when the child started having difficulty breathing. (*Id.*) He tried to administer a breathing treatment which was unsuccessful and stated that Grice told him to call an ambulance. (*Id.*)

Spiers and Groom spoke to Grice who stated that the child was fine when she left for work at 8 am on January 4, 2011. (*Id.*) She had to return to the house soon after leaving for her work badge, and the child appeared fine at that time. (*Id.*) At about 10 am, Grice received a message to call home, and when she spoke to Richardson, she learned the child was having difficulty breathing, at which time Grice returned home. (*Id.*, p. 3.) The child was transported to Forrest General Community Hospital and then to Batson Children's Hospital, a division of the University of Mississippi Medical Center [UMC], with a hematoma which required brain surgery. (*Id.*, p. 1.)

Spiers received a phone call at the office from Dr. Scott Benton, chief of Pediatrics Forensic Medicine unit at UMC. [34-8, p. 2.] Dr. Benton stated that the child's injury may have been caused by a high velocity blow to the head; violent shaking or a combination of the two incidents. (*Id.*) According to Dr. Benton, the injury was not sustained by coughing, choking or

other related illness. (*Id*.)

On January 7, 2011, Spiers completed an affidavit in Justice Court and an arrest warrant was issued for Richardson on a charge of felony child abuse. [34-8, p. 4.] Later that day, Spiers went to Richardson's home and arrested Richardson on the charge. (*Id*.) As of the date he filed his Petition, Richardson was awaiting trial, and had not yet been convicted and sentenced for any crime, and therefore should be designated as a "pre-trial detainee."

Richardson's damages claims are subject to dismissal under *Heck v. Humphrey,* 512 U.S. 477 (1994). "The threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). In *Heck,* the Supreme Court ruled that a state prisoner cannot bring a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by the plaintiffs on convictions that are "still outstanding." *Id*.

Plaintiff's excessive force claim challenges the factual determination that underlies his conviction for resisting arrest. Therefore, the Court finds that a judgment in favor of Plaintiff

3

would imply the invalidity of his resisting arrest conviction, which has not been reversed, expunged, declared invalid, or called into question by a federal habeas corpus proceeding. *Heck*, 512 U.S. at 486-87; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. Thus, unless his conviction has been overturned, a plaintiff cannot bring a section 1983 claim if prevailing on that claim would imply that his conviction was invalid. Thus, Plaintiff's claim in this case is barred by *Heck*.

Here, Plaintiff's damages claims, if successful, would necessarily imply the invalidity of his convictions on the drug charges against him. Plaintiff's confinement has not been remedied by any of the procedures listed in *Heck*. Plaintiff's damages claims are therefore not cognizable under § 1983, and the Court recommends that the claims should be dismissed. Because Richardson's § 1983 claim is barred by *Heck,* the Court need not address the alternative grounds for dismissal of the complaint.

## **CONCLUSION**

As of the date Robinson filed his petition, he was a pre-trial detainee, and had not yet been convicted or sentenced for any crime. The Court finds that the Motion for Summary Judgment [34] in this case should be granted and that all claims be dismissed without prejudice to their being asserted again when the *Heck* conditions are met.

A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. A copy of this memorandum opinion has been forwarded to Plaintiff at his last known address by certified mail, return receipt requested. Each party shall

bear their respective costs associated with this motion.

      DATED this the 3rd day of January, 2013.


                                              <ins>s/ John M. Roper, Sr.</ins>
                                       CHIEF UNITED STATES MAGISTRATE JUDGE